# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ANGEL SMITH, | : | Bankruptcy No. 09-21638-JAD |
| | : | |
| Debtor, | : | Chapter 7 |
| | : | |
| —————————————————X | : | |
| | : | |
| HOUSING AUTHORITY OF THE | : | |
| CITY OF PITTSBURGH, | : | Adversary No. 13-02171-JAD |
| | : | |
| Plaintiff, | : | Doc. # 5 |
| | : | |
| v. | : | |
| | : | |
| ANGEL SMITH, | : | |
| | : | |
| Defendant. | : | |
| —————————————————X | | |

## MEMORANDUM OPINION

The matter before the Court is a *Motion to Dismiss* (the "Motion"), filed by the debtor, Angel Smith (the "Debtor"). Through the Motion, the Debtor seeks to have dismissed the complaint filed by the plaintiff (the "Complaint"), the Housing Authority of the City of Pittsburgh (the "Housing Authority"), for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). The matter is a core proceeding over which this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§

{00009688.DOCX}

157(b)(2)(A), 157(b)(2)(O), and 1334.[1]  For the reasons set forth more fully below, the Motion is denied.

## I.

The Debtor resides in a townhouse owned by the Housing Authority and located at 7342 Upland Street, Pittsburgh, PA 15208 (the "Property").  On or about October 1, 2010, the Debtor entered into a rental agreement (the "Lease") with the Housing Authority for the lease of the Property, which carried forward delinquencies the Debtor owed to the Housing Authority pursuant to a subsequent rental agreement between the two parties executed on or about June 9, 2000.  (See Doc. # 1, ¶¶ 17, 22, 23, Exhibits A, C).  Pursuant to the terms of the Lease, the Debtor was required to pay monthly rent on the first of each month, and was to notify the Housing Authority of any changes in income.  (See Doc. # 1, Exhibit A, §§ 3.A, 8(B), Exhibit C, § 4).

The Debtor filed for relief under Chapter 13 of the Bankruptcy Code on March 10, 2009 (the "Petition Date").  Prior to the Petition Date, the Debtor defaulted under the terms of the Lease by both failing to pay rent when due and failing to disclose an increase in overall household income, owing $9,243.25 in back rent and penalties at the time of filing.  (See Doc. # 1, ¶ 32).  The Debtor asserts that she filed for bankruptcy "for the purpose of repaying

---

[1] Further, during the June 25, 2013 hearing, both parties, through their counsel, consented to this Court entering final judgment on the instant matter.  Such consent is sufficient to allow this Court to hear and finally determine the matter, regardless of whether it is statutorily defined as "core" or "non-core."  See ARDI Limited Partnership v. The Buncher Company (In re River Entertainment Co.), 467 B.R. 808 (Bankr. W.D. Pa. 2012).

{00009688.DOCX}

rental arrears owed to the Housing Authority and retaining her housing," and filed a plan "to that effect" on April 3, 2009. (Doc. # 5, ¶ 4; see Case No. 09-21638-JAD, Doc. # 14).

Unable to remain current with payments under the Plan, the Debtor's bankruptcy case was converted to a case under chapter 7 on February 21, 2013, and a chapter 7 trustee (the "Trustee") was appointed the same day. (See Case No. 09-21638-JAD, Doc. ## 132, 136). The Debtor owed $9,928.25 to the Housing Authority at the time of conversion. (See Doc. # 1, ¶ 54). The Trustee never assumed or rejected the Lease.

On April 25, 2013, the Housing Authority filed its Complaint for declaratory relief, seeking a judicial determination that 11 U.S.C. § 525(a) "does not apply to residential leases issued by public housing authorities, and that the Housing Authority is free to pursue its rights and remedies for the Debtor's breach of the Lease, including but not limited to evicting the Debtor." (Doc. # 1, ¶ 76). The Housing Authority argues that the Lease was an unexpired lease, the Lease is deemed rejected pursuant to 11 U.S.C. § 365(d)(1) because the Trustee did not assume or reject the Lease, and that the rejection of an unexpired lease of real property constitutes a breach of such lease pursuant to 11 U.S.C. § 365(g)(1). (See Doc. # 1, ¶¶ 64-69). Pursuant to the Declaratory Judgment Act codified at 28 U.S.C. § 2201, the Housing Authority seeks a determination that 11 U.S.C. § 525(a) does not prevent it from evicting the Debtor if the lease has not been assumed under section 365, all-prepetition

delinquencies have not been cured, and the Debtor has not provided adequate assurances of future performances under the Lease. (See Doc. # 1, ¶ 1).

The Debtor filed its Motion on May 28, 2013, arguing that the Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (See Doc. # 5). By the Debtor's Motion, the Debtor argues that that issues raised in the Complaint are not "ripe." (Doc. # 5, ¶¶ 15, 21). Specifically, the Debtor contends that the section 525 issues raised in the complaint present "no case of actual controversy" because the Housing Authority has not yet attempted to evict the Debtor and because the Debtor has not yet raised any argument under section 525. The Debtor asserts that declaratory relief is inappropriate because the Housing Authority "seeks to anticipate a challenge which has not yet occurred." (Doc. # 5, ¶ 21).

A hearing was held on June 25, 2013, at which point the Court took the matter under advisement. The issue is now ripe for decision.

## II.

Federal courts, including bankruptcy courts, may grant declaratory relief pursuant to the Declaratory Judgment Act, which provides in relevant part:

> [i]n a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

{00009688.DOCX}

28 U.S.C. § 2201. "When there is an actual controversy between the parties, the Act allows a court to settle the parties' respective rights, even before there is a violation of law, exercise of right, or breach of duty." Downingtown Indus. & Agr. School v. Commonwealth of Pa. Dept. of Education (In re Downingtown Indus. & Agr. School), 172 B.R. 813, 819 (Bankr. E.D. Pa. 1994). "The Act is intended to address uncertainty as to legal rights between the parties towards expediting a conclusion of a pending dispute or avoiding one altogether." Seitz v. 6130 West, LLC (In re Joey's Steakhouse, LLC), 474 B.R. 167, 184 (Bankr. E.D. Pa. 2012).

Courts in the Third Circuit have noted that determining ripeness in the context of a declaratory judgment action can be "problematic," both because the discretionary nature of the Declaratory Judgment Act only gives courts the power to make a declaration and does not require it to do so, and because declaratory judgments are issued before "accomplished" injury can be established. Step-Saver Data Systems, Inc. v. Wyse Technology, 912 F.2d 643, 646 (3d. Cir. 1990). Nonetheless, "because the Constitution prohibits federal courts from deciding issues in which there is no case or controversy, declaratory judgments can be issued only when there is an actual controversy." Id. at 647 (quoting U.S. CONST. art. III, § 2) (internal citations omitted). Thus, "[t]he discretionary power to determine the rights of parties before injury has actually happened cannot be exercised unless there is a legitimate dispute between the parties." Step-Saver, 912 F.2d at 647.

Three "basic principles" have been articulated to guide courts in determining whether a declaratory judgment action is ripe for adjudication: (1) the adversity of the interest of the parties, (2) the conclusiveness of the judicial judgment, and (3) the practical help, or utility, of that judgment.  Id.  Applying these principles to the instant case, the Court finds that the declaratory judgment claim raised in the Complaint is ripe for adjudication, contrary to the Debtor's assertions.

First, the parties' interests are clearly adverse: the Housing Authority wishes to evict the Debtor, and the Debtor wishes to remain in the Property. The Housing Authority asserts that it wishes to pursue legal remedies against the Debtor for breaching the Lease, including evicting the Debtor.  The Debtor specifically alleges that she filed her bankruptcy petition "for the purpose of repaying rental arrears owed to the Housing Authority and retaining her housing." (Doc. # 5, ¶ 4).  Further, at the June 25, 2013 hearing, counsel for the Debtor admitted that "there is an actual adversity of interest between the parties." (See Audio Recording of Hearing Held in Courtroom D, June 25, 2013 (10:33 AM)).  Thus, the Court finds sufficient adversity of legal interests between the parties.

Second, the issue raised in the Housing Authority's Complaint is "based on a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be on a hypothetical state of facts." Step-Saver, 912 F.2d at 649 (quoting Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 241, 57 S.Ct. 461, 464,

{00009688.DOCX}

81 L.Ed. 617 (1937)) (internal citations omitted).  The Housing Authority wishes to pursue legal remedies against the Debtor for breaching the Lease, and seeks a declaration from this Court determining whether the Housing Authority is prevented from doing so under section 525(a) of the Bankruptcy Code.  The declaration which the Housing Authority seeks would conclusively determine whether section 525(a) would prevent it from "enforcing its rights and remedies under state law for the breach of the Lease." (Doc. # 1, p. 12).

The Debtor argues that a declaratory judgment is inappropriate here because the Debtor has not yet raised any argument under section 525.  However, counsel for the Debtor asserted at the June 25, 2013 hearing, "[w]e believe that 525 does apply."  (See Audio Recording of Hearing Held in Courtroom D, June 25, 2013 (10:33 AM)).  Although Debtor's counsel also asserts that "we don't know what will happen," the tenor of the litigation here is that if the Housing Authority pursues eviction, the Debtor will rely on section 525(a).  (See id. at (10:34 AM)).  Further, the purpose of the Declaratory Judgment Act is "to clarify legal relationships so that [parties] [can] make responsible decisions about the future." Step-Saver, 912 F.2d at 649.  The question is not whether a challenge and defense have been raised in litigation, but whether there exists a case or controversy which touches "the legal relations of parties having adverse legal interests." Aetna Life Ins. Co. of Haworth, Conn. v. Haworth, 300 U.S. 227, 240-41 (1937).  The instant case does not present a hypothetical injury, but rather a real controversy admitting of specific relief through a decree of conclusive character.

Third, the practical utility of such a declaratory judgment would be significant. For this factor, courts consider "whether the parties' plans of action are likely to be affected by a declaratory judgment." Step-Saver, 912 F.2d at 649 n. 9. If the Court finds that section 525(a) does not prevent the Housing Authority from evicting the Debtor, the Housing Authority can avoid any future litigation brought pursuant to section 525(a), and immediately begin eviction proceedings against the Debtor. Thus, the Court finds that adjudication of the Complaint will materially affect the parties, and a declaratory judgment will provide practical utility.

Thus, the Court finds that because of the parties' adverse interests, the conclusive nature of the judgment sought, and the practical utility of the judgment sought, the Complaint's claim under the Declaratory Judgment Act is ripe for adjudication.

### III.

For the foregoing reasons, the Debtor's Motion is denied. An appropriate order will be entered.

Date: July 18, 2013            /s/ Jeffery A. Deller
                               **JEFFERY A. DELLER**
                               United States Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL TO:**
　　Michael A. Shiner, Esq.
　　Christopher L. Borsani, Esq.
　　Kathryn E. McKee, Esq.
　　Robert Shearer, Esq.

{00009688.DOCX}