IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | |
| | : | |
| ANGEL SMITH | : | Bankruptcy No. 09-21638JAD |
| | : | |
| Debtor, | : | Chapter 7 |
| ──────────────────────────X | | |
| HOUSING AUTHORITY OF THE CITY | : | Adv. No. 13-2171JAD |
| OF PITTSBURGH, | : | |
| | : | Doc. #49 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ANGEL SMITH, | : | |
| | : | |
| Defendant. | : | |
| ──────────────────────────X | | |

## MEMORANDUM OPINION

Plaintiff Housing Authority of the City of Pittsburgh (the "Housing Authority") has filed a *Motion for Reconsideration and for Clarification of Memorandum Opinion and Order of Court Dated May 20, 2014* (the "Motion for Reconsideration") seeking reconsideration to the extent that the Memorandum Opinion and Order raise an issue with respect to the Debtor's alleged fraud or failure to adequately report household income to the Housing Authority. Plaintiff Housing Authority contends that there is no live dispute between the parties on this issue because the Housing Authority states that, with respect to actions of the Debtor prior to the conversion of this case to a Chapter 7 liquidation, it does not intend to pursue a fraud or failure to adequately report household income claim against the Debtor.

00012742

Based on the pleadings and arguments of counsel, the Court finds that no grounds exist to reconsider its Opinion. The Plaintiff seeks reconsideration on the basis of Fed.R.Civ.P. 60(a)(1) and (6), for mistake or any other reason that justifies relief. There has been no mistake nor has any other relief been shown to be warranted. The Plaintiff has therefore not met its burden under either Fed.R.Civ.P. 60, as made applicable by Fed.R.Bankr.P. 9024. Nor has any cause been shown to reconsider or clarify this Court's prior order or judgment pursuant to Fed.R.Civ.P. 59, as made applicable by Fed.R.Bankr.P. 9023. It is therefore appropriate to deny the Motion for Reconsideration.

Denial of the Motion for Reconsideration does not end the matter. In light of the Plaintiff's agreement that it will not assert claims or seek to evict the Debtor based on any alleged fraud or failure to report household income during the time period prior to conversion of this case to a Chapter 7 liquidation, it appears that, as framed by the Complaint for Declaratory Relief, any effort by the Housing Authority to evict the Debtor for matters complained of in the Complaint for Declaratory Relief would violate Section 525 of the Bankruptcy Code. The analysis in this regard is spelled out completely in the Memorandum Opinion and Order of Court dated May 20, 2014, which is incorporated herein by reference.

As such, it appears that no material issue of genuine fact remains and that the Debtor is entitled to summary judgment as a matter of law pursuant to Fed.R.Civ.P. 56, as adopted by Fed.R.Bankr.P. 7056. In this regard, and as

spelled out in the Court's May 20, 2014 Memorandum Opinion, the Lease at issue is a "similar grant" under Section 525(a) of the Bankruptcy Code that the Housing Authority, as a "governmental unit," may not "deny, revoke, suspend or refuse to renew" because the Debtor has obtained a discharge in bankruptcy or has permitted the Lease to be rejected or has failed to pay rent prior to the date this case was converted to a Chapter 7 or has failed to assume the Lease and cure arrearages due thereunder. To the extent that sections 525(a) and 365 of the Bankruptcy Code conflict, the rules of statutory construction and sound bankruptcy policy dictate that provisions of section 525(a) must prevail. Evicting the Debtor under these circumstances would run afoul of the protections afforded to the Debtor under Sections 524 and 525 of the Bankruptcy Code. Final judgment shall therefore be entered in favor of the Debtor and against the Housing Authority.

Date: June 10, 2014

JEFFERY A. DELLER
Chief U.S. Bankruptcy Judge

case administrator to serve:

Eileen D. Yacknin, Esq.
Kathryn E. McKee, Esq.
Michael A. Shiner, Esq.
Irving S. Firman, Esq.
Christopher L. Borsani, Esq.

FILED
JUN 10 2014
CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA